IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMOND WRIGHT,

    Plaintiff,

vs.

Y. A. GONZALES,

    Defendant.

CV F 05 1326 OWW WMW P

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

    Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    This action proceeds on the original complaint. Plaintiff, an inmate in the custody of the California Department of Corrections at Pleasant Valley State Prison, brings this civil rights action against Defendant Correctional Sergeant Y. A. Gonzales, an employee of the Department of Corrections at Pleasant Valley.

    Plaintiff's sole claim in this complaint is that Defendant Gonzales falsely accused Plaintiff of an attempted escape, and filed a false incident report charging Plaintiff with attempted escape. The factual allegations in this complaint consist of a factual defense to the charge.

    In Edwards v. Balisok, 520 U.S. 641, 644 (1997), the United States Supreme Court

applied the doctrine articulated in Heck v. Humphrey, 512 U.S. 477, 487 (1994), to prison disciplinary hearings.  In Heck, the Court held that a state prisoner's claim for damages for unconstitutional conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated.  512 U.S. at 487.  In applying the principle to the facts of Balisok, the Court held that a claim challenging the procedures used in a prison disciplinary hearing, even if such a claim seeks money damages and no injunctive relief, is not cognizable under § 1983 if the nature of the inmate's allegations are such that, if proven, would necessarily imply the invalidity of the result of the prison disciplinary hearing.  520 U.S. at 646.  Because such a challenge, if successful, would invalidate the duration of the inmate's confinement, it is properly brought as a habeas corpus petition and not under § 1983.  Heck, 512 U.S. at 487; Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

Here, Plaintiff alleges that the charges brought against him by Defendant Gonzales were false.  Plaintiff specifically alleges that Gonzales filed a "false incident report."  Such an allegation, if true, necessarily implies the invalidity of Plaintiff's conviction.  Plaintiff may must allege that his conviction has been reversed, expunged, or otherwise invalidated before he can bring a civil rights action.  Plaintiff has not done so, and the complaint must be dismissed.  Plaintiff will, however, be granted leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:   July 18, 2006**             **/s/  William M. Wunderlich**
mmkd34                                    UNITED STATES MAGISTRATE JUDGE