IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMOND WRIGHT,

        Plaintiff,                          CV F 05 1326 OWW WMW P

    vs.                                  FINDINGS AND RECOMMENDATION

Y. A. GONZALES,

        Defendant.

        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        This action proceeds on first amended complaint, filed in response to an earlier order dismissing the original complaint.  Plaintiff, an inmate in the custody of the California Department of Corrections at the Substance Abuse Treatment Facility at Corcoran, brings this civil rights action against Defendant Correctional Sergeant Y. A. Gonzales, an employee of the Department of Corrections at Pleasant Valley State Prison.  The events that give rise to this lawsuit occurred while Plaintiff was housed at Pleasant Valley.

        In the order dismissing the original complaint, the court noted the following.  Plaintiff's sole claim in this complaint is that Defendant Gonzales falsely accused Plaintiff of an attempted escape, and filed a false incident report charging Plaintiff with attempted escape.   The factual allegations in this complaint consist of a factual defense to the charge.

In <u>Edwards v. Balisok</u>, 520 U.S. 641, 644 (1997), the United States Supreme Court applied the doctrine articulated in <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994), to prison disciplinary hearings.  In <u>Heck</u>, the Court held that a state prisoner's claim for damages for unconstitutional conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated.  512 U.S. at 487.  In applying the principle to the facts of <u>Balisok</u>, the Court held that a claim challenging the procedures used in a prison disciplinary hearing, even if such a claim seeks money damages and no injunctive relief, is not cognizable under § 1983 if the nature of the inmate's allegations are such that, if proven, would necessarily imply the invalidity of the result of the prison disciplinary hearing.  520 U.S. at 646.  Because such a challenge, if successful, would invalidate the duration of the inmate's confinement, it is properly brought as a habeas corpus petition and not under § 1983.  <u>Heck</u>, 512 U.S. at 487; <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973).

Here, Plaintiff alleges that the charges brought against him by Defendant Gonzales were false.  Plaintiff specifically alleges that Gonzales filed a "false incident report."  Such an allegation, if true, necessarily implies the invalidity of Plaintiff's conviction.  Plaintiff may must allege that his conviction has been reversed, expunged, or otherwise invalidated before he can bring a civil rights action.  Plaintiff has not done so, and the complaint must be dismissed. Plaintiff will, however, be granted leave to file an amended complaint.

In response, Plaintiff filed the first amended complaint that is before the court.  Plaintiff restates the allegations of the original complaint, and adds claims of unconstitutional conditions of confinement.  Specifically, Plaintiff contends that he suffered emotional injury as a result of being placed in Administrative Segregation, and facing the possibility of a 25 to life sentence based on California's "three strike" law.  Plaintiff also alleges that he was celled with inmates

who were convicted of violent crimes.

Plaintiff has not addressed the concerns noted in the earlier order.  Plaintiff adds claims, without factual support, that challenge the conditions of his confinement.  Plaintiff does not identify any individuals who engaged in the conduct at issue.  That Plaintiff suffered emotional injury as a result of his disciplinary charge does not subject defendant to liability.  That Plaintiff was housed with more violent offenders or in punitive segregation does not subject defendant to liability.  The issue in the case is clear.  The crux of Plaintiff's complaint is that he was unfairly and illegally charged with a disciplinary violation that could result in a longer sentence.  Plaintiff has not alleged that the violation was overturned.  Plaintiff's claim that he was convicted based upon false charges necessarily implies the invalidity of his conviction.  He can not, therefore, bring his claim under section 1983 until such time as his conviction has been overturned or otherwise invalidated.

In the order dismissing the complaint the court informed Plaintiff of the deficiencies in his complaint, and dismissed the complaint on the ground that Plaintiff had failed to state a claim upon which relief could be granted.  Because Plaintiff has not cured the defects identified in the original complaint, the court recommends dismissal of the claims made in the first amended complaint with prejudice for failure to state a federal claim upon which the court could grant relief.  See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987) (prisoner must be given notice of deficiencies and opportunity to amend prior to dismissing for failure to state a claim).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to

1  Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file
2  objections within the specified time waives all objections to the judge's findings of fact. See
3  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file objections within the
4  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
5  F.2d 1153 (9th Cir. 1991).

8  IT IS SO ORDERED.
9  **Dated:   June 19, 2008**            /s/  William M. Wunderlich
                                         UNITED STATES MAGISTRATE JUDGE