UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND WRIGHT,<br><br>　　　　Plaintiff<br><br>　　v.<br><br>SGT. Y. A. GONZALES,<br><br>　　　　Defendant | CASE NO. 1:05-CV-1326 AWI JLT<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(Doc. No. 42) |

　　This case was brought by pro se Plaintiff Raymond Wright in 2005. Plaintiff was incarcerated at the time, and his lawsuit was brought under 42 U.S.C. § 1983 based on events occurring at the Pleasant Valley State Prison.

　　On July 13, 2009, the Magistrate Judge issued a Findings and Recommendation ("F&R") to dismiss the action with prejudice for failure to prosecute. The Magistrate Judge had previously dismissed Plaintiff's Second Amended Complaint with leave to amend, but Plaintiff did not file an amended complaint. On August 19, 2009, the Court adopted the Findings and Recommendation and dismissed the case. Plaintiff had not responded to the July 2009 F&R. Judgement was entered in favor of Plaintiff and against Defendant on August 19, 2009.

　　On May 6, 2014, Plaintiff filed a motion for reconsideration of the dismissal.[1] See Doc. No. 42. Plaintiff argues that he did not receive the F&R or the order adopting the F&R. See id. Plaintiff states that a County General Relief officer retaliated against him by not giving him his mail. See id. Had Plaintiff received the orders, he states that he would have filed an amended

---

[1] This case was originally assigned to District Judge Wanger. On March 26, 2015, it was reassigned to the undersigned.

complaint. See id. Plaintiff has since been returned to prison, and would have informed the Court of his new address, but he could not remember the case number for this case. See id.

*Discussion*

Federal Rule of Civil Procedure 60(b) provides various grounds for granting relief from a judgment. See Fed. R. Civ. P. 60(b). A party has one year from the date of judgment to seek relief under Rule 60(b)(1) for mistake, inadvertence, surprise, or excusable neglect, Rule 60(b)(2) for newly discovered evidence, and Rule 60(b)(3) for fraud or misconduct by an opposing party. See Fed. R. Civ. P. 60(c)(1). For relief under Rules 60(b)(4), 60(b)(5), and 60(b)(6), a party must file a motion "within a reasonable time." See id.

Plaintiff's allegation that he did not receive pertinent Court orders is troubling. However, this case closed nearly six years ago. From April 10, 2009 to May 5, 2014, a period of about five years, Plaintiff made no effort to communicate with the Court. Had he done so, he would have discovered the status of his case. In this case, there is no evidence that justifies the approximately five year delay between the August 19, 2009 judgment and the May 6, 2014 motion for reconsideration. Because Plaintiff's nearly five year delay is not reasonable, reconsideration will be denied. See Fed. R. Civ. P. 60(c)(1); Lee v. Marvel Enters., Inc., 765 F.Supp.2d 440, 450 (S.D. N.Y. 2011).

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated: __March 27, 2015__   _____
SENIOR DISTRICT JUDGE

2